# Wanner to use *v.* Franczak, Appellant.

*Judgment—Opening judgment—Conflict of evidence—Refusal to open judgment.*

A judgment entered on a warrant of attorney in a judgment note given in pursuance of a written contract in part payment of a liquor license transferred to the defendant, will not be opened on the evidence of the defendant and his wife that the plaintiff had orally agreed to pay back to defendant any difference between the sum bid for the licensed business at sheriff's sale, and the contract price, where such evidence is contradicted by the plaintiff and another witness and the written contract is silent as to the return of any part of the money.

Argued April 13, 1915.  Appeal, No. 55, April T., 1915, by defendant, from order of C. P. Allegheny Co., April T., 1914, No. 486, discharging rule to open judgment in case of A. H. Wanner for use of J. Emmet Nestor v. P. Franczak.  Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ.  Affirmed.

Rule to open judgment.

From the record it appeared that on August 28, 1913, P. Franczak entered into a written agreement to pay J. Emmet Nestor $3,900 in consideration of Nestor securing for him the right, title and interest of Mrs. Mathilda Snyder in a certain licensed saloon.  Five hundred dollars was paid upon signing the agreement, and the balance was to be paid in cash.  On September 4, 1913, defendant paid $2,400 to Nestor, and at the same time gave a judgment note for $3,800 to Albert H. Wanner, attorney for Nestor.  At the time of this transaction it was agreed that the money should be paid back to the defendant if a transfer of the license was not made to him.  Subsequently the licensed premises was sold at sheriff's sale and bought in by Nestor for $1,550.  The defendant and his wife testified that Nestor agreed to

488    WANNER, to use, *v.* FRANCZAK, Appellant.

Statement of Facts—Opinion of the Court.    [60 Pa. Superior Ct.

buy in the property for the defendant at the sheriff's sale at a price not to exceed $3,900 or $4,000, and that if it could be obtained for less than that amount, the defendant was to pay what it actually sold for at sheriff's sale. This evidence was contradicted by Wanner and by the cashier of the bank on which defendant's check for $2,400 was drawn. The written agreement was silent as to any repayment of the money.

The court discharged the rule for judgment.

*Error assigned* was in discharging rule to open judgment.

*J. D. Hern,* for appellant.

*Edmund K. Trent,* for appellee.

OPINION BY HENDERSON, J., July 21, 1915:

The defendant's obligation was in writing and absolute on its face for the payment of the amount named therein. It contained a warrant of attorney for the confession of judgment for the indebtedness stated. It is alleged by the defendant that prior to the delivery of the note to the payee there was a parol agreement between them that the defendant was not to be bound for more than the amount at which the saloon property of Mrs. Snyder would be sold at the pending sheriff's sale and the application to open the judgment is based on this antecedent parol agreement, the saloon property having been bought at the sheriff's sale by Mr. Nestor for $1,550. In order to move the court to the action applied for it was necessary for the appellant to show by clear and satisfactory evidence that the parol agreement set up was entered into and that it was the inducement to execute the obligation which is the subject of the present controversy. The oral evidence in support of the application is that of the plaintiff and his wife who testify in substance in answer to very leading

questions that Mr. Nestor agreed to buy in the property for the defendant at the sheriff's sale at a price not to exceed $3,900 or $4,000 and that if it could be obtained for less than that amount the defendant was to pay what it actually sold for at sheriff's sale. This evidence is directly and wholly contradicted by the payee whose testimony is strongly corroborated by that of Mr. Wanner and the cashier at the bank on which the defendant's check for the $2,400, payment was drawn. In addition to this testimony there is the written contract of the defendant for the purchase of the property for $3,900, a copy of which contract was delivered to the defendant at the time it was executed and which was in his possession from that time until the testimony was taken. In the face of such contradiction it cannot be held that there was an abuse of judicial discretion on the part of the court below in refusing to open the judgment. It not only does not clearly appear that the action of the court was erroneous but the weight of the evidence supports the contention of the appellee. The defendant understood there was uncertainty in regard to the transfer of the license to him after the sheriff's sale and he provided that in that contingency the money paid by him should be returned but no reference was made in the written agreement to the reduction of the amount of the purchase-money in the event that Nestor got the property at sheriff's sale at less than the amount of the contract between him and the defendant. Considering the corroboration of the plaintiff by the documentary evidence and the circumstances of the case we do not find a sufficient reason for reversing the action of the Court of Common Pleas.

The order is affirmed.